IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD APPEL,** | : CIVIL ACTION NO. 1:19-CV-788 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **CODY PHILLIPS,** *et al.*, | : |
| **Defendants** | : |

## **ORDER**

AND NOW, this 4th day of June, 2020, upon consideration of the report (Doc. 37) of Magistrate Judge Karoline Mehalchick, recommending that the court grant defendants' motions (Docs. 15, 26, 30) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) and dismiss *pro se* plaintiff Bernard Appel's complaint (Doc. 1) with leave to amend as to all named defendants except defendants Cody Phillips and Jarreau Dodson, and it appearing that Appel has not objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should afford "reasoned consideration" to the uncontested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court

being in agreement with Judge Mehalchick that Appel's complaint presently fails to state claims for which relief may be granted and that, although a close call, leave to amend is appropriate as to most defendants, and concluding that there is no material clear error on the face of the record,[1] it is hereby ORDERED that:

1. The report (Doc. 37) of Magistrate Judge Mehalchick is ADOPTED.

2. Defendants' motions (Docs. 15, 26, 30) to dismiss are GRANTED as set forth in the report.

3. Appel's complaint (Doc. 1) is DISMISSED with prejudice as to defendants Cody Phillips and Jarreau Dodson and without prejudice as to the remaining defendants.

4. Appel is GRANTED leave to amend his complaint in accordance with Judge Mehalchick's report within 30 days of the date of this order as to all defendants except defendants Cody Phillips and Jarreau Dodson. Any amended pleading filed pursuant to this paragraph shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects. It shall be a new pleading that stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the complaint (Doc. 1) hereinabove dismissed.

---

[1] We disagree with the report only to the extent it suggests that Appel's claims under 42 U.S.C. § 1983 would be more properly suited to a petition for habeas corpus. (See Doc. 37 at 7-8). Appel is not challenging the fact or length of his confinement or seeking release therefrom; he is seeking compensatory and punitive damages and injunctive relief for alleged constitutional violations leading to his conviction and sentence. (See Doc. 1 at 6, 12). As the Third Circuit Court of Appeals has explained, a constitutional challenge to the validity of a conviction or the fact or length of a sentence must be brought in habeas, but when a successful challenge "would not alter [the plaintiff's] sentence or undo his conviction, an action under § 1983 is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2000); see Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). Although a finding in Appel's favor might "imply the invalidity" of his conviction or sentence, (see Doc. 37 at 8-10, 17 (citing Heck v. Humphrey, 512 U.S. 477 (1994))), it would not *alter or undo* his conviction or sentence, see Leamer, 288 F.3d at 542. Because the report ultimately assesses Appel's claims through the lens of Section 1983, and because we perceive no clear error in that assessment, we will adopt the balance of the report.

5. In the absence of a timely filed amended complaint, the Clerk of Court shall close this case. If a timely amended complaint is filed, this matter shall be remanded to Judge Mehalchick for further pretrial management.

6. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania